Dear Mr. Dominick:
In your capacity as attorney for the Town of Vivian, you have been authorized to request an opinion of this office regarding the Town's responsibility to repair a portion of a sewer line, which is described as a "building sewer", particularly the portion of the building sewer which is located between a sewer customer's property line and the sewer main.
According to your correspondence, the ordinances of the Town of Vivian require a sewer customer's building sewer to be connected at the property line, if a service branch is available. However, if no service branch is available at the property line, then you advise that all expenses of installation and connection to the sewer main are borne by the sewer customer. Most pertinently, you advise that although the Town of Vivian's ordinances make no clear and direct reference to the responsibility for the repair of building sewers that extend beyond a customer's property, the Town has historically required sewer customers to repair damaged building sewers up to the point of connection at the sewer main, at the customer's expense, even in cases where a sewer main was at somewhat of a distance from the customer's property line, such as on the other side of, or under, a Town road, right of way and/or a state highway.
Recently, a local church, who's building sewer extends beyond the church's property line, has requested that the Town of Vivian repair the portion of the church's building sewer from the point of the church's property line to the sewer main. In the case of the church, the building sewer runs under a state highway. Because the repairs will require digging under the state highway, as well as application(s) for necessary permits, the repairs are expected to come at considerable expense.
Specifically, you have directed our attention to Carr v. City of BatonRouge, 314 So.2d 527 (La.App. 1st Cir., 1975), cited in Attorney General's Opinion No. 87-325, and ask our opinion as to whether the Town of Vivian or the customer is the responsible party to repair the portion of the building sewer that extends from the customer's property line to the sewer main; you have also asked that we address the point at which the Town's responsibility for damaged sewer lines begins and ends.
In Carr v. City of Baton Rouge, supra, a homeowner brought a successful action for recovery against the city for damages sustained as a result of the backup of sewer effluent into his home. The First Circuit held the City responsible under La.C.C. Art. 667, because a section of the City's main sewer line was crushed, which is what lead to the damage. Pertinently, the First Circuit noted that "[t]he operation and maintenance of this line is admittedly the responsibility ofdefendants", the City of Baton Rouge. The Court went on to state:
 "While the record does not contain any evidence as to who actually constructed the main sewer line, we must conclude that it became a Work of the defendants when, if not built by them, the same was accepted and maintained by the defendants." (Emphasis added).
This office is not a finder of fact, nor is it within the purview of this office to interpret the ordinances of local governments. However, based upon your advice regarding the Town's historical requirement that customers repair and maintain building sewers beyond their property lines and up to the sewer main, it is our opinion that Carr v. City of BatonRouge, and Attorney General's Opinion No. 87-325, which followed theCarr decision, are distinguishable from the situation you have presented.
As previously noted, Carr v. City of Baton Rouge involved damage to a `main sewer line' that had been accepted by the City and was maintained by it. On the other hand, based upon your advice regarding `building sewer' repairs in the Town of Vivian, it seems that the Town has never accepted the responsibility of maintenance and repair of building sewers. Rather, the Town of Vivian's arrangement with its sewer customers, apparently based upon its interpretation of its sewer ordinances, requires sewer customers to maintain and retain responsibility for building sewers.
We reiterate that it is not the prerogative of this office to interpret local ordinances. Rather, it is the prerogative of the Town of Vivian, with the assistance of its legal counsel, to interpret its ordinances.
However, as the Town's apparent interpretation of its ordinances and the arrangements the Town has with its sewer customers require customers to maintain and pay for repairs to building sewers, it is our opinion that the customer, in this case the church, must bear responsibility for the repair of the portion of the building sewer in question, even though the building sewer extends beyond the church's property line and under a state highway. Based upon your advice, it appears that the Town has never accepted ownership of, or the responsibility for maintenance of, building sewers. As such, the Town's responsibility for damaged sewer lines is limited to main sewer lines, i.e., those which it owns, maintains and has responsibility for.
In light of our opinion herein, your question regarding the possible responsibility of the Town to reimburse sewer customers who have repaired building sewers in the past is pretermitted.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: September 15, 2003